## SCHOOL AND FAMILY PROCEDURE
## FOR DETERMINING AND IMPLEMENTING
## EDUCATIONAL PLACEMENT AND SERVICES

This agreement is entered into by _____, _____, _____, _____ (collectively, the "Family"), Equip for Equality, Inc. ("Equip"), and the Board of Education of Mahomet-Seymour Community Unit School District No. 3 (the "District") for the purpose of arranging the provision of educational services to ____, and in consideration of, and subject to, the terms, conditions, and promises set forth herein.

WHEREAS, ____ and ____ are the parents and next friends of ____, and ____, ____, and ____ are residents of the District; and

WHEREAS, the District has previously identified ____ as a student who is eligible for special education services under the *Individuals with Disabilities Education Act*, 20 U.S.C. § 1400, and the Parties all anticipate that ____ will remain eligible for special education services into the foreseeable future; and

WHEREAS, the District has delivered special education services to ____ in the past, though the Parties came to disagree upon the appropriate placement and services that should be provided to ____, and

WHEREAS, these disagreements escalated over time, to the point that both the Family and the District have filed due process complaints with the Illinois State Board of Education, and have pursued litigation in the U.S. District Court and in the Seventh Circuit Court of Appeals, several of which proceedings remain pending at the time of this Agreement; and

WHEREAS, Equip represents the Family in certain of these proceedings, and has represented the Family through the course of negotiating this Agreement, and has further agreed to assist the Parties in facilitating the receipt, distribution, and accounting of monies to be paid out pursuant hereto; and

WHEREAS, the Parties recognize that their protracted disagreements have consumed large amounts of their time, energy, and attention, and have disrupted ____'s public education, all to the detriment of ____, of the Family, and of the District; and

WHEREAS, the Parties now wish to devote more of their time, energy, and attention towards furthering ____'s public education, and less to litigating their disputes, and to agree upon a process for determining and delivering appropriate educational services to ____, while seeking to prevent their disagreements from disrupting ____'s education in the future; and

WHEREAS, the Parties specifically wish to resolve their disputes concerning reimbursement for private educational services obtained by the Family in the past, for the costs of ____'s educational evaluations, and for the costs of any future compensatory services; and

WHEREAS, the Parties specifically wish to provide ▒ with appropriate curricular materials, equipment, and teaching aids to support his education, and to address the costs thereof; and

WHEREAS, the Parties agree that educational decisions for ▒ need to be made over time, to reflect ▒'s ongoing progress and development, and to meet his then-current educational needs, and the Family is prepared to assume sole responsibility for ▒'s education going forward, and the District is prepared to provide certain support to the Family in this process, as set forth herein;

NOW, THEREFORE, in consideration of, and subject to, the payments, promises, terms, and conditions set forth herein, and the purposes set forth herein, the Parties hereby agree as follows:

1. **Recitals.** The Parties stipulate that the recitals set forth above are true and correct, and are incorporated herein.

2. **Purpose of Agreement.** The Parties are entering into this Agreement to support and provide for the expense of ▒'s education going forward, without the need to resolve their disputes through litigation. Nothing in this Agreement is intended, and nothing in this Agreement shall be construed, as any admission of any fault, liability, or wrongdoing by any Party.

3. **Registration and Educational Placement.** The Family hereby withdraws ▒ as a student in the District, and hereby covenants that ▒ will not be re-enrolled in the District at any time in the future, instead ▒ will receive compensatory education through private and home-schooled educational services provided by the Family. The Parties specifically stipulate that the District will have no further obligation at any time to provide any educational or special educational placement or services to ▒ pursuant to state or federal law.

4. **Educational Evaluations.** The Family will arrange, through appropriate professionals selected in the Family's sole discretion, and retained and compensated by the Family, for ▒ to receive an educational evaluation as soon as reasonably practicable after the Effective Date of this Agreement, and to receive additional educational evaluations at least once every three school years going forward. The Parties specifically stipulate that the District will have no further obligation at any time to participate in or complete any educational evaluation of ▒ pursuant to state or federal law.

5. **Educational Services.** The Family will determine, in the Family's sole discretion, all appropriate educational and special educational services that will be provided to ▒. The Family will also, in the Family's sole discretion, retain and compensate teachers, consultants, and other educational service providers who will deliver educational and special educational services or otherwise participate in ▒'s education. The Parties specifically stipulate that the District will have no further

obligation at any time to provide any educational or special educational services to ▓▓▓▓ pursuant to state or federal law.

6. **Procedural Safeguards**. The Family waives any right to participate in any process, or to benefit from any procedural safeguard, or to receive any notice of any of the same, in connection with ▓▓▓▓'s education. The Parties specifically stipulate that the District will have no further obligation at any time to provide any procedural rights to ▓▓▓▓, ▓▓▓▓, or ▓▓▓▓, pursuant to state or federal law.

7. **Liability for Educational Costs.** The Family shall be responsible for all costs incurred in connection with ▓▓▓▓'s education, including all costs for all evaluations, educational services, and special educational services identified herein. The District shall not bear any financial liability for any such cost incurred by the Family.

8. **Disbursement of Educational Funds.** The District will provide certain educational funds to support the provision of educational services by the Family to ▓▓▓▓. All funds disbursed pursuant to this Agreement will be disbursed to Equip, which shall receive such funds for the benefit of ▓▓▓▓, and disburse such funds in such manner as agreed between Equip and the Family. Equip shall be solely responsible for receiving such funds; for holding such funds in appropriate account(s); for determining and effectuating all disbursements of such funds; for determining and effectuating any necessary reporting, withholding, or other tax treatment in connection with such funds or disbursements thereof; and for creating and maintaining all necessary and appropriate records in connection with such receipts, holdings, and disbursements. The Parties specifically stipulate that the District will not disburse any funds directly to the Family, whether pursuant to this Agreement or otherwise; that all funds provided for the Family pursuant to this Agreement will be disbursed to Equip, and not to the Family; that all of the District's obligations with respect to such funds shall be deemed satisfied upon the disbursement of such funds to Equip; that the District makes no representations or guarantees, bears no responsibility, and will not be liable for any acts, omissions, or decisions made by Equip in connection with such funds; and that in the event of any dispute between Equip and the Family in connection with any such act, omission, or decision, Equip and the Family shall solely have recourse against one another, and shall have no recourse against the District.

9. **Reimbursements and Startup Costs**. In order to address concerns including, but not limited to, disputes over reimbursement for private services obtained by the Family, costs of educational evaluations, compensatory education, initial startup costs for establishing a homebound program, and the inherent uncertainty in predicting ▓▓▓▓'s future educational needs, the District will make an initial disbursement of funds in the amount of $100,000 in the manner set forth in Paragraph 8. This disbursement will be made within thirty days after the Effective Date of this Agreement or within thirty days of the District receiving a completed W-9 from Equip, whichever is latest.

10. **Future Educational Costs.** In order to support ▓▓▓▓'s private and home-schooled compensatory education in the future, the District will also disburse the following

3

funds, at the following times, in the manner set forth in Paragraph 8, subject to the conditions set forth herein:

   a. For the 2020-21 school year, $25,000, due by the same deadline for payment pursuant to Paragraph 9.

   b. For the 2021-22 school year, $25,000, by September 15, 2021, so long as ▓▓▓▓ maintains continuous residency in the District from the effective date of this Agreement through the first day of student attendance in the District for the 2021-22 school year.

   c. For the 2022-23 school year, $20,000, by September 15, 2022, so long as ▓▓▓▓ maintains continuous residency in the District from the effective date of this Agreement through the first day of student attendance in the District for the 2022-23 school year.

   d. For the 2023-24 school year, $20,000, by September 15, 2023, so long as ▓▓▓▓ maintains continuous residency in the District from the effective date of this Agreement through the first day of student attendance in the District for the 2023-24 school year.

   e. For the 2024-25 school year, $20,000, by September 16, 2024, so long as ▓▓▓▓ maintains continuous residency in the District from the effective date of this Agreement through the first day of student attendance in the District for the 2024-25 school year.

   f. For the 2025-26 school year, $20,000, by September 15, 2025, so long as ▓▓▓▓ maintains continuous residency in the District from the effective date of this Agreement through the first day of student attendance in the District for the 2025-26 school year.

   g. For the 2026-27 school year, $20,000, by September 15, 2026, so long as ▓▓▓▓ maintains continuous residency in the District from the effective date of this Agreement through the first day of student attendance in the District for the 2026-27 school year.

For purposes of this Agreement, ▓▓▓▓'s residency will be determined pursuant to the *Illinois School Code*. The Family shall promptly notify the District of any change of their residential address, whether within the District or without. If ▓▓▓▓ is enrolled as a tuition-free student in any other public school or public school district, then ▓▓▓▓ will be deemed a non-resident of the District from that time forward.

11. **Payment of Attorneys' Fees.** The District, in conjunction with its insurance carrier, will pay the amount of $75,000, payable to Equip, in full and complete satisfaction of all claims for attorneys' fees and costs by or on behalf of the Family, and in exchange for written waivers of attorneys' liens executed by persons authorized by each of the

4

attorneys of record for the Family (including, but not limited to, Equip for Equality, Inc.; the Law Offices of Maureen Graves; the Law Offices of John G. Nolte, a/k/a the Law Office of John Nolte; and Jones Day). This payment will be made within thirty days of the Effective Date of this Agreement, or within thirty days of the District receiving a completed W-9 from Equip and all lien waivers required pursuant to this Paragraph, whichever is latest.

12. **Tax Liabilities.** Payments made by the District pursuant to Paragraphs 9, 10, and 11 of this Agreement will be made without any withholding, and will be reported by the District on IRS Form 1099, or on such other form or in such other manner as may be required by law, which shall be issued to Equip. Equip will be responsible for any tax liabilities that might arise in connection with any payment made pursuant to this Agreement, including payment of any and all taxes, penalties, or interest related thereto, and shall indemnify the District against any tax, interest, penalty, or any other charge or liability that might be imposed against the District in connection with such payments.

13. **Dismissal of Litigation.** Within seven (7) calendar days of receipt of the payments set forth in Paragraphs 9 and 10(a), the Family will file stipulations to dismiss all claims currently pending in ▬▬▬▬▬▬▬▬▬▬▬. Within seven (7) calendar days of such filings, the District will file a stipulation to dismiss the pending appeal in ▬▬▬▬▬. All stipulations will be with prejudice, and without any judicial award of attorneys' fees or costs to any party.

14. **Release of Claims.** In consideration of the payments, promises, terms, and conditions set forth herein, ▬▬, ▬▬, and ▬▬, on behalf of themselves individually, and on behalf of all their respective agents, representatives, guardians, estates, attorneys, executors, successors, heirs, and assigns, and each and every one of them (collectively, the "Releasors"), do hereby release, discharge, hold harmless, and forever free the Board of Education of Mahomet-Seymour Community Unit School District No. 3, and all of its members, officers, employees, contractors, elected officials, insurers, agents, fiscal agents, attorneys, representatives, executors, successors, heirs, and assigns, and each and every one of them, in all of their respective individual and official capacities (collectively, the "Releasees"), from each and every claim, cause of action, demand, liability, debt, lien, obligation, attorney's fee, or cost arising out of any act or omission committed, or alleged at have been committed, by any of them, in any capacity, at any time up until the Effective Date of this Agreement, whether accrued or unaccrued, asserted or unasserted, known or unknown, specifically including, but not limited to, any and all claims alleged in the Litigation and any claims arising, asserted, or alleged under the *Individuals with Disabilities Education Act*, 20 U.S.C. § 1400, Section 504 of the *Rehabilitation Act*, 29 U.S.C. § 704, 42 U.S.C. § 1983, the *Illinois School Code*, 105 ILCS 5/1, the Constitution of the United States, the Constitution of the State of Illinois, or any other federal, state or local statute, regulation, common law, ordinance, order, or other legal authority. Nothing in this agreement is intended to impair the rights of any other student in the District.

Further, on a prospective basis, other than the obligations set forth in this Agreement, the Releasors hereby release, discharge, hold harmless, and forever free the Releasees from any future obligation to provide any educational placement, educational services, related services, evaluation, procedural protections, or any other right, service, or benefit of any kind relating to or arising out of any matter concerning ▉▉▉'s future education or educational needs, or any claim, cause of action, demand, liability, debt, lien, obligation, attorney's fee, or cost relating to the same, whether in the nature of general education, special education, curricular education, co-curricular education, transition services, vocational services, grant-funded programs, prorated or fair-share funded services, or any other element of education or the educational process, specifically including, but not limited to, any obligations, rights, services, or benefits arising under the *Illinois School Code*, 105 ILCS 5/1, the *Individuals with Disabilities Education Act*, 20 U.S.C. § 1400, or any of their respective implementing regulations. The Parties specifically intend that this Agreement absolve the Releasees of any obligation to provide ▉▉▉ with any education of any kind at any time in the future, and instead that all such obligations are hereby assigned to the Family, and the Family hereby assumes sole responsibility for fulfilling the same, utilizing the resources provided by the District pursuant to this Agreement.

15. **Covenant Not to Sue.** The Releasors hereby covenant not to file or prosecute any complaint, claim, cause of action, grievance, or any other request for any relief of any kind, or to participate in or give any aid, support, assistance, or cooperation in furtherance of any of the same, with, before, or in any court, judicial or quasi-judicial body, legislative or quasi-legislative body, administrative agency, regulatory body, investigatory body, or any other entity with any jurisdiction or any regulatory, supervisory, enforcement or other authority of any kind over any of the Releasees, involving, arising out of, or otherwise concerning any claim, cause of action, demand, liability, debt, lien, obligation, attorney's fee, or cost that has been released or discharged pursuant to this Agreement. In the event of a breach of this Paragraph, the Releasees shall be entitled to appropriate injunctive, equitable, legal, punitive, and/or other relief available therefrom, and shall be entitled to recover from the Releasors any and all costs, liabilities, debt, liens, charges, losses, and judgments arising therefrom, including reasonable attorneys' fees incurred in connection therewith.

16. **Court Approval.** This Agreement compromises the rights of ▉▉▉, who is a minor and a ward of the Court. Nothing in this Agreement shall be binding upon any Party unless and until this Agreement is approved by the District Court for the Central District of Illinois. The Family shall be responsible for taking all steps necessary, and the District shall cooperate, in seeking such approval from the Court.

17. **Governing Law and Interpretation of Agreement.** This Agreement shall be interpreted under and governed by the substantive law of the State of Illinois, notwithstanding any choice-of-law principles that might require application of any other source of substantive law. Paragraph headings are included for ease of reference only, and shall not affect the substantive operation of any provision of this Agreement. The Parties are all represented by legal counsel and the Parties have all participated in the drafting of this Agreement, and so no interpretation of, or inference from, any provision of this Agreement shall be drawn either in favor of or against either Party on the basis that the Party did (or did not) draft the provision in question.

18. **Choice of Forum**. Any claim, cause of action, or dispute between the Parties concerning this Agreement shall be filed in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois. The Parties hereby irrevocably consent and submit to the personal jurisdiction of the Sixth Judicial Circuit Court in any action involving any such claim, cause of action, or dispute.

19. **Contractual Capacity.** Except as provided in Paragraph 16, the individuals executing this Agreement below attest that they have full legal authority to execute the same; that none of the claims released herein have been assigned to any third party; and that the payments made pursuant to this Agreement are not subject to any lien or setoff, except as provided in Paragraph 11.

20. **Execution and Effective Date of Agreement**. This Agreement may be executed in counterparts, and any collection of counterparts bearing the signatures of all Parties hereto shall be considered a complete copy of the Agreement. Facsimile copies may be accepted, relied upon, and otherwise treated as originals. This Agreement shall be effective (the "Effective Date") on the date that it is executed by each of the Parties, or on the date that it is approved by the Court pursuant to Paragraph 16, whichever is latest.

NOW, THEREFORE, the Parties, ███████████, ███████████, ███████████, Equip for Equality, Inc., and the Board of Education of Mahomet-Seymour Community Unit School District No. 3, with a full understanding of all of the terms and conditions set forth herein, hereby execute this Agreement on the dates indicated below, as a declaration of their assent hereto and of their intent to be bound hereby, and to comply herewith.

_____, individually

_____
Board of Education of Mahomet-Seymour
Community Unit School District No. 3
By: President, Board of Education

April 14, 2021
Date

4·19·2021
Date

7

|  |  |
|---|---|
| ███████████, as parent and next friend of ███████ | Attest: ███████████████████ By: Secretary, Board of Education |
| *April 14, 2021* <br> Date | *4·19·2021* <br> Date |
| ███████████, individually | ███████████ <br> Equip for Equality, Inc. <br> By: Olga Pribyl <br> Its: Vice President, Special Education Clinic |
| *4-14-2021* <br> Date | *4/14/21* <br> Date |
| ███████████, as parent and next friend of ███████ | |
| *4-14-2021* <br> Date | |